UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MIGUEL BARBOSA-JIMENEZ, § § Plaintiff, § VS. § ROMAN RODRIGUEZ, *et al.*, § § Defendants. § § § § § | CIVIL ACTION NO. 7:14-CV-154 |

## REPORT AND RECOMMENDATION

Plaintiff Miguel Barbosa-Jimenez, proceeding pro se and in forma pauperis, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Docket No. 1.) When Plaintiff initiated this action, he named as defendants "Roman Rodriguez" and "Edward Ruiz," alleging that they "violated [his] Fourth Amendment rights" in various ways. (*Id.* at 4.) Other than filing his original complaint and a peculiar motion for extension of time several months later, Plaintiff has taken no further action in this case.

As discussed below, Plaintiff has failed to prosecute this action, including failing to comply with a court order directing him to address his failure to effectuate service of process. Accordingly, the undersigned recommends that this action be dismissed without prejudice for failure to prosecute.

## DISCUSSION

Plaintiff claims that Defendants Rodriguez and Ruiz—who are both employed by the Texas Department of Public Safety—"violated [his] Fourth Amendment rights by falsely accusing his wife of being [involved in] criminal activities and by unlawfully seizing personal money of his residence and thereafter falsifying the police reports as they pertained to Plaintiff's arrest." (Docket No. 1, at 4.) He also alleges that Defendants actions were the result of "either

actual malice, deliberate indifference or a reckless disregard of [Plaintiff's] rights under the U.S. Constitution." (*Id.*)  In addition, Plaintiff claims that the "Defendants acted knowing full well that the established practices, customs, procedures and policies of the Texas Department of Public Safety would allow a cover-up." (*Id.*)

Several months later, Plaintiff filed a motion for extension of time.  (Docket No. 2.)  In his motion, Plaintiff requested an extension of time to "file his answer and or responsive pleading to Defendant's motion for summary judgment." (*Id.* at 1.)  However, the undersigned informed Plaintiff that there was no pending motion for summary judgment and also that "none of the named defendants have been served with process and brought into this case." (Docket No. 3, at 1.)  Accordingly, Plaintiff was given thirty (30) days to either "effectuate service of process on all named defendants" or "complete a summons for each named defendant . . . and return them attached to a motion requesting the Court to appoint a deputy U.S. Marshal to serve process for Plaintiff pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure." (*Id.* at 3.)  Plaintiff did not respond to the order, nor has he taken any further action in this case.

Plaintiff's claims are subject to dismissal for failure to prosecute.  Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order."  FED. R. CIV. P. 41(b).  Such a dismissal may be made upon motion by the opposing party or on the court's own motion.  *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).  Plaintiff has failed to comply with the relevant rules and to prosecute this action in at least two ways.

First, Plaintiff failed to comply with the Court's order that he "[e]ffectuate service of process on all named defendants" and/or file a "motion requesting the Court to appoint a deputy U.S. Marshal to serve process for [him]." (*See* Docket No. 3, at 3.)  There is no indication that Plaintiff "has taken any [ ] action to serve the defendants with process." (*Id.* at 2.)  In fact, Plaintiff has failed to take any action in this case, other than filing his initial Complaint and a motion for extension of time (in error apparently).

Second, Plaintiff has failed to comply with the rule requiring that he serve each defendant within 120 days after the complaint is filed.  *See* FED. R. CIV. P. 4(m).  Although Plaintiff has named two defendants, he has failed to provide the defendants' proper addresses.

Plaintiff's pleadings are thus subject to dismissal both because he failed to comply with the Court's order and because he has failed to timely serve any defendant.  No less drastic sanction is available here, given Plaintiff's failure to pursue this case in any way.[1]

## CONCLUSION

For the foregoing reasons, the undersigned recommends that this action be DISMISSED without prejudice based on Plaintiff's failure to prosecute.

## NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking

---

[1] A copy of this Report will be sent to Plaintiff at the address he provided.  Should Plaintiff respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    DONE at McAllen, Texas on June 6, 2016.

                                                Peter E. Ormsby
                                    United States Magistrate Judge